IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:17 CR 669 (L) |
| VALANDUS JAVON GIBSON | |

## FACTUAL RESUME

In support of Valandus Javon Gibson's plea of guilty to the offense in Count 8 of the Indictment, Gibson, the defendant, Trey Bunch, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

### ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count 8 of the Indictment, charging a violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h), that is, Conspiracy to Launder Monetary Instruments, the government must prove each of the following elements beyond a reasonable doubt:[1]

> *First.* Two or more persons agreed to violate 18 U.S.C. § 1956(a)(1)(B)(i) and (h);
>
>> a. That the defendant knowingly conducted a financial transaction as charged in the Indictment;
>>
>> b. That the financial transaction involved the proceeds of a specified unlawful activity, namely wire fraud; and
>>
>> c. That the defendant knew the property involved in the financial transaction represented the proceeds of some form of unlawful

---

[1] Fifth Circuit Pattern Jury Instruction 2.76A (5th Cir. 2015).

Factual Resume—Page 1

    activity;

  d. That the defendant intended to promote the carrying on of the unspecified unlawful activity;

  e. That the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

*Second.*   That the defendant joined the conspiracy; and

*Third.*   That the defendant had the intent that the conspiracy succeed.

## STIPULATED FACTS

1.   Valandus Javon Gibson admits and agrees that starting in or about April 10, 2013, and continuing through December 20, 2017, within the Northern District of Texas, Dallas Division, and elsewhere, he knowingly and willfully combined, conspired, and agreed with John Lewis Davis, II, and others, to knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful activity, that is, wire fraud, in violation of 18 U.S.C. § 1343, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and (h).

2. Defendant, Valandus Javon Gibson (Gibson), during the relevant dates in the Indictment, lived in the Dallas, Texas area.

3. During this time, Gibson became associated with co-conspirators in a mystery shopper scheme[2], including John Lewis Davis, II, with whom Gibson lived with for a time. Gibson, and others in the conspiracy, executed the scheme for the purpose of unlawfully obtaining money for personal gain.

4. The scheme required each participant to undertake one or more roles to further the success of the scheme.

5. The scheme required co-conspirators to obtain authentic U.S. Postal money orders; financial information for bank accounts, including valid routing and account numbers; photographs; and authentic driver's licenses from the states of Tennessee, Delaware, and elsewhere. This information was forwarded via email to co-conspirators that live outside of the United States.

6. The scheme included co-conspirators, outside of the United States, using the authentic money orders, driver's licenses, and valid bank information, to create counterfeit money orders, cashier's checks, and driver's licenses for Tennessee, Delaware, and elsewhere.

---

[2] Mystery Shopper scams are designed to obtain money from the bank accounts of unwitting victims who believe that they are working to evaluate money transfer businesses to include MoneyGram, Western Union, and Walmart2Walmart (RIA Financial). Mystery Shopper letters provide instructions for unwitting victims to include: cashing an enclosed money order or check (which, unbeknownst to the victim, is counterfeit), withdrawing the funds, keeping a small portion, and sending the remainder by initiating a wire transfer to individual(s) specified on the letter. The scam is complete when the unlawfully obtained money is wired to the individual(s) on the letter and the funds are retrieved.

7. Co-conspirators from outside of the United States mailed the counterfeited money orders and driver's licenses to other co-conspirators in the United States. Co-conspirators in the United States further mailed these items to other co-conspirators to use to further the scheme.

8. Co-conspirators from outside of the United States emailed the names and addresses of unwitting victims, along with counterfeited cashier's checks, postage labels, and mystery shopper letters, to co-conspirators in the United States.

9. Co-conspirators in the United States printed the mystery shopper letters, counterfeit checks, and postage labels. Co-conspirators in the United States then used the counterfeit postage labels to mail a priority package to unwitting victims that contained a counterfeit check or money order and a mystery shopper letter.

10. After the unwitting victims cashed the counterfeit check or money order using their respective bank account, obtained the cash, and initiated the wire transfer, co-conspirators in the United States used the counterfeit driver's licenses to retrieve the fraudulently obtained monies from MoneyGram, Western Union, and Walmart2Walmart.

11. Co-conspirators in the United States then shared the unlawfully obtained proceeds by further initiating wire transfers to other co-conspirators in the United States and elsewhere, making deposits into co-conspirator's bank accounts, and keeping a portion for profit.

12. The defendant, Gibson, admits that he voluntarily participated in the scheme. Gibson received multiple counterfeit driver's licenses from his co-conspirators.

On no fewer than six occasions he retrieved money from wire transfer businesses located in the Dallas, Texas area that he knew was obtained from the fraud scheme.

13. At the time he retrieved this unlawfully obtained money, he knew that the money was the proceeds of the fraud scheme. Defendant admits that the money he obtained from the wire transfers was the direct result of financial transactions initiated by unwitting victims who cashed counterfeit securities.

14. Gibson also admits that on July 27, 2016, he was stopped by law enforcement in Rowlett, Texas. At the time of the traffic stop, Gibson was found in possession of 82 counterfeited Tennessee driver's licenses. Gibson subsequently pled guilty to the possession of the counterfeit identifications in State Court. Gibson further admits that he used these, and other counterfeited driver's licenses, to aid him in avoiding detection in the commission of the fraud scheme. Gibson also admits that his involvement in the scheme was designed, and did in fact, assist in the success of the scheme.

15. Gibson now knows that during the course of the investigation of this case Postal Inspectors verified, through surveillance video captured at various money transfer businesses, that Gibson used counterfeit Tennessee driver's licenses containing his picture to retrieve no less than $209,686.50 in monies that were the proceeds of the scheme.

16. Gibson agrees that he committed all the essential elements of the offense for which he is pleading guilty. This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The

limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the Gibson's guilty plea to Count 8 of the Indictment.

AGREED TO AND STIPULATED on this 4 day of September, 2018.

DAVID JAFFE
ACTING CHIEIF
ORGANIZED CRIME & GANG SECTION
DEPARTMENT OF JUSTICE

_____
VALANDUS JAVON GIBSON
Defendant

_____
LESHIA M. LEE-DIXON
DAVID L. JARVIS
Attorneys for the United States

_____
TREY BUNCH
Attorney for Valandus Javon Gibson